**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

I.S.E.L., INC.,

    Plaintiff/Counterclaim Defendant,

vs.                                                                 Case No.: 3:08-cv-870-J-25TEM

AMERICAN SYNTHOL, INC.,

    Defendant/Counterclaim Plaintiff.

_____\

**CASE MANAGEMENT REPORT**

    1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a conference was held on <u>December 15, 2008</u> (date) at <u>4:00 p.m.</u> time) (check one) ( X ) by telephone (or) (___) at _____ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Michael L. Duncan, Esq.<br>John T. Rogerson, III, Esq. | I.S.E.L., Inc. |
| Stanley Yorsz, Esq.<br>Matthew Feeley, Esq. | American Synthol, Inc. |

    2.    <u>Initial Disclosures</u>:

    a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:  (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information, (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use o support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for

inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected and disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse of payments made to satisfy the judgment" Fed. R. Civ. P.26(a)(1)1

The parties   (check one)

__X__   have exchanged information described in Fed.R.Civ.P. 26(a)(1) (A) – (D) or agree to exchange such information on or before **January 15, 2009** (date).2:

_____   stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1) (A) – (D) for the specific reason(s) that:

_____   have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A) – (D) (identify party or parties) _____ objects to disclosures of such information for the specific reason(s) that:

3.   **Discovery Plan - Plaintiff(s)**: The parties jointly propose the following Plaintiff's discovery plan:

a. Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission: **Plaintiff may serve discovery requests aimed at discovering information relevant for purposes of discovery in this matter or reasonably calculated to lead to the discovery of admissible evidence in this case, including requests concerning issues raised in the parties' pleadings.**

---

1 A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures See Fed R Civ. P 26(a)(1)

2 Information referenced by Fed. R. Civ P 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(1) conference unless a difference time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan" Fed R. Civ P 26(a)(1) Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order see Fed R Civ P 26(a)(1).

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed.R. Civ.P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories:</u> **Plaintiff may serve discovery requests aimed at discovering information relevant for purposes of discovery in this matter or reasonably calculated to lead to the discovery of admissible evidence in this case, including requests concerning issues raised in the parties' pleadings.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u>  **Plaintiff may serve discovery requests aimed at discovering information relevant for purposes of discovery in this matter or reasonably calculated to lead to the discovery of admissible evidence in this case, including requests concerning issues raised in the parties' pleadings.**

(4) <u>Oral Depositions:</u>  Plaintiff may take the depositions of the defendant as well as other non-party witnesses.

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed.R.Civ.P. 30(d), unless extended by agreement of the parties or order of the Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length<br><u>of Deposition</u> | <u>Grounds</u> |
|---|---|---|
| **Presently not applicable.** | | |

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Plaintiff's Fed.R.Civ.P. 26(a)(2) disclosure will be due as noted here: **Plaintiff's Rule 26 expert witness disclosures shall be served no later than March 6, 2009.**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times: **as required under Rule 26(e), and not later than 40 days prior to the close of discovery.**

d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before **April 30, 2009** (date).

4. <u>Discovery Plan - Defendant(s)</u>: The parties jointly propose the following Defendant(s)'s discovery plan:

a. <u>Defendant's Planned Discovery</u>: A description of each discovery effort Defendant plans to pursue is described below. The description of each discovery effort willb e listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission:</u> **Defendant may serve discovery requests aimed at discovering information relevant for purposes of discovery in this matter or reasonably calculated to lead to the discovery of admissible evidence in this case, including requests concerning issues raised in the parties' pleadings.**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed.R.Civ.P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories:</u> **Defendant may serve discovery requests aimed at discovering information relevant for purposes of discovery in this matter or reasonably calculated to lead to the discovery of admissible evidence in this case, including requests concerning issues raised in the parties' pleadings.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u> **Defendant may serve discovery requests aimed at discovering information relevant for purposes of discovery in this matter or reasonably calculated to lead to the discovery of admissible evidence in this case, including requests concerning issues raised in the**

**parties' pleadings.**

(4) <u>Oral Depositions:</u>   Defendant may take the deposition of the Plaintiff as well as other non-party witnesses.

> Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.
>
> Time Permitted for Each Deposition.  Each deposition is limited to one day of seven hours in accordance with Fed.R.Civ.P. 30(d)(2) unless extended by agreement of the parties or order of the Court.
>
> The parties stipulate/request a court order to extend the time to take the deposition of the following individuals.

| <u>Name</u> | Proposed length<br><u>of Deposition</u> | <u>Grounds</u> |
|---|---|---|

**Presently not applicable.**

b.   <u>Disclosure of Expert Testimony</u>:   Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Defendant's Fed.R.Civ.P. 26(a)(2) disclosure will be due as noted here: **Defendant's Rule 26 expert witness disclosures shall be served no later than March 6, 2009.**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times: **as required under Rule 26(e), and not later than 40 days prior to the close of discovery.**

d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before **April 30, 2009** (date).

5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**As necessary, the parties will utilize a stipulated protective order or agreement for the handling of confidential information in the discovery process.**

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**No such issues at the present time.**

7. <u>Third-Party Claims/Joinder of Parties and Potentially Dispositive Motions</u>: Parties agree that the final date for filing motion for leave to file third-party claims or motion to join parties, motions for summary judgment, and all other potentially dispositive motions should be **May 29, 2009** (Note time limit in Local Rule 4.03);

8. <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is

\_\_\_\_\_ likely   (check one)

\_X\_ unlikley

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).   \_\_\_\_\_ yes   \_X\_ no   \_\_\_\_\_ likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. <u>Consent to Magistrate Judge Jurisdiction:</u> The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. §636.

_____ yes     __X__ no     _____likely to agree in future

10. <u>Preliminary Pretrial Conference</u>:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases

Track Two Cases: Parties
\_\_\_\_ request (check one)
_X_ do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after **July 1, 2009**(date) and for trial on or after **August 1, 2009**(date). This **Jury**\_\_\_\_ **Non-Jury** __X__ trial is expected to take approximately **3 days**.

12. <u>Pretrial Disclosure and Final Pretrial Procedures</u>: Parties acknowledge that they are aware of and will comply with pretrial disclosure requirements in Fed.R.Civ.P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. <u>Others Matters</u>: **None at present.**

Date: December 17, 2008

_____
Michael L. Duncan
Florida Bar No.: 50946
John T. Rogerson, III
Florida Bar No.: 832839
Ian R. McKillop
Florida Bar No. 44621
**Volpe, Bajalia, Wickes, Rogerson & Wachs**
501 Riverside Avenue, 7th Floor
Jacksonville, Florida 32202
(904) 355-1700
(904) 355-1797 (facsimile)
mduncan@vbwr.com
jrogerson@vbwr.com
imckillop@vbwr.com

Counsel for I.S.E.L., Inc.

And

_____
Stanley Yorsz
*Pro Hac Vice admitted*
Matthew J. Feeley
Florida Bar No.: 0186872
**Buchanan Ingersoll & Rooney, PC**
Bank of America Tower, 34th Floor
100 Southeast Second Street
Miami, Florida 33131
(305) 347-4080
(305) 347-4089 (facsimile)

Counsel for American Synthol, Inc.