I.S.E.L., INC.,

       Plaintiff,                           CASE NO. 3:08-cv-870-J-25TEM

vs.

AMERICAN SYNTHOL, INC.,

       Defendant.

_____/

## O R D E R

This matter is before the Court on Defendant/Counter-Claimant A.S.I.'s motion to compel production of documents (Doc. #39, Motion) and Plaintiff/Counter-Defendant I.S.E.L.'s response thereto (Doc. #44). The parties have filed a joint notice with the Court which states the parties have resolved many of the issues raised in the Motion (*see* Doc. #55, Notice).

The Notice (Doc. #55) also contains a motion for the Court to adopt the parties' attached, stipulated Confidentiality and Protective Agreement and Order (Doc. #55 at 4; Doc. #55-2). The Court has reviewed said stipulated Confidentiality and Protective Agreement and Order (Doc. #55-2) and finds it is appropriate to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection. *See McCarthy v. Barnett Bank of Polk County,* 876 F.2d 89, 91 (11th Cir. 1989); *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). Therefore, said Confidentiality and Protective Agreement and Order (Doc. #55-2) shall be incorporated herein and adopted as an order

of this Court pursuant to Rule 26(c), Federal Rules of Civil Procedure.[1]

In addition, the Notice states that the only remaining issue before the Court is A.S.I.'s motion to compel I.S.E.L. to produce certain financial and business related documents pursuant to Request Number 15(b), (c), and (d) of A.S.I.'s First Request for Production of Documents (Doc. #55 at 2; Doc. #39-2 at 8). Specifically, A.S.I. seeks to compel I.S.E.L. to produce its: (1) business projections; (2) valuations or forecasts; (3) audited and unaudited financial statements; and (4) balance sheets and cash-flow reports (Doc. #55 at 3).

A motion hearing was held before the undersigned on June 8, 2009 (Doc. #56, Minutes).[2] At the hearing the undersigned advised the parties that, after careful consideration of the parties' arguments and the parties' respective filings, the undersigned determined A.S.I.'s Motion (Doc. #39) would be granted in part. The Court enters this Order to memorialize said determination, and hereby finds the Motion (Doc. #39) shall be granted to the extent provided herein.

Motions to compel discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

---

[1] The parties have advised the Court that Paragraph Eight was inadvertently left blank and that this does not affect the substance of the Confidentiality and Protective Agreement and Order (*see* Doc. #55-2 at 7, ¶ 8).

[2] The non-transcribed recording of the hearing is hereby incorporated by reference. The parties may contact the Courtroom Deputy of the undersigned if a transcript of the hearing is desired.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996).

In the Motion, A.S.I. argues that it needs I.S.E.L.'s financial and business related documents, *supra*, from the January 31, 2000 to the present in order to discover evidence related to Counts III and IV of its counterclaim (Doc. #39 at 3; Doc. #39-2 at 8). Count III of A.S.I.'s counterclaim alleges that, on or about September 2008, I.S.E.L. misappropriated A.S.I.'s trade secrets and confidential and proprietary information (primarily A.S.I.'s customer information) in an alleged effort to steal A.S.I.'s business (Doc. #9 at 16). Count IV claims I.S.E.L. tortiously interfered with A.S.I.'s business relationships in an alleged effort to steal its business (Doc. #9 at 18). In the Notice, A.S.I. indicated that it would accept responsive documents from January 1, 2005 to the present since I.S.E.L. steadfastly objects to, *inter alia*, such an expansive time period (Doc. #55 at 3).

At the hearing, I.S.E.L. argued that producing documents from January 1, 2005 to the present is likewise too expansive, and that the relevant time period regarding the requested documents would more appropriately be from the date A.S.I. alleges I.S.E.L.

began to misappropriate A.S.I.'s customer information and tortiously interfere with A.S.I.'s business relationships (*i.e.* circa September 2008 to the present ) (*see* Doc. #9 at 12). I.S.E.L. additionally stated that it was amenable to providing A.S.I. financial documents related to any profit or loss of I.S.E.L. during its proposed relevant time period, *supra*, but argued that providing the other requested documents, such as  business projections and valuations or forecasts, would be overly burdensome.

Courts have long recognized the wide scope of discovery allowed under the Federal Rules of Civil Procedure.  As the Eleventh Circuit's predecessor court noted:

> The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies. The United States Supreme Court has said that they are to be broadly and liberally construed.

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir.1973)[3] *(citing Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964)).  The scope of permissible discovery, however, is not unlimited.  Requested discovery must be relevant, and must not impose an undue burden.  Fed. R. Civ. P. R. 26(b)(2)(C).

After careful consideration of the parties' respective arguments, the Court finds I.S.E.L.'s financial information regarding any profit or loss (especially with respect to entities that were previously A.S.I.'s customers) is reasonably calculated to lead to admissible evidence concerning Counts III and IV of A.S.I.'s counterclaim.  In addition, the Court finds the time period regarding the requested documents should be from January 1, 2008 to the present.

---

[3] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

A.S.I. argued at the hearing that it needs documents prior to September 2008 in order to have a point of comparison with respect to any change in I.S.E.L.'s profits. Although A.S.I. requested several years prior to September 2008, the undersigned finds responsive documents from the beginning of 2008 would encompass a sufficient time period for A.S.I. to compare any change in I.S.E.L.'s profits or losses (especially with respect to entities that were previously A.S.I.'s customers) because said time period more accurately reflects the time period in issue (*i.e.* circa September 2008 to the present) (*see* Doc. #39-2 at 8).

Based on the Court's findings, it was resolved at the hearing that I.S.E.L. would provide A.S.I. with responsive documents, as limited herein, within 10 days from the entry of this Order. After which, the parties shall file a notice with the Court as to what documents were produced by I.S.E.L., and whether A.S.I. is satisfied that said documents are responsive.

Accordingly, it is hereby **ORDERED**:

1. Defendant/Counter-Claimant A.S.I.'s motion to compel production of documents (Doc. #39) is **GRANTED in part**.

2. Plaintiff/Counter-Defendant I.S.E.L. shall produce to A.S.I. all financial documents related to any profit or loss for the time period from January 1, 2008 to the present pursuant to the parties' agreed Protective Order (Doc. #55-2), which the Court hereby incorporates herein and adopts as an Order of this Court.

3.     I.S.E.L. shall have ten (10) days from the entry of this Order within which to produce said documents to A.S.I. After which, the parties shall file a notice with the Court as to what documents were produced by I.S.E.L., and whether A.S.I. is satisfied that said documents are responsive.

**DONE AND ORDERED** at Jacksonville, Florida this _10th_ day of June, 2009.

Copies to all counsel of record

**THOMAS E. MORRIS**
United States Magistrate Judge