# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### JACKSONVILLE DIVISION

I.S.E.L., INC.,

       Plaintiff,

vs.

AMERICAN SYNTHOL, INC.,          **CASE NO.: 3:08-CV-00870-HLA-TEM**

       Defendant.

_____/

## DEFENDANT/COUNTERCLAIM PLAINTIFF AMERICAN SYNTHOL INC.'S AMENDED MOTION TO AMEND COUNTERCLAIMS AND ADD COUNTERCLAIM DEFENDANT

Defendant/Counterclaim Plaintiff American Synthol, Inc. ("ASI") respectfully moves for leave to amend its Counterclaim pursuant to Rules 13 and 15 of the Federal Rules of Civil Procedure.[1]  The Amended Counterclaim: (1) updates ASI's allegations in support of its claims; (2) adds a claim for civil theft; (3) adds VR Heavy Industries ("VR Heavy") as a defendant to claims against ISEL; and (4) asserts an additional claim against VR Heavy for unjust enrichment.[2]  ASI's Amended Counterclaim is based on facts uncovered in the course of this litigation and conforms the pleadings to the facts discovered.  Therefore, granting ASI leave

---

[1]  A copy of ASI's proposed Amended Complaint is attached as Exhibit 1 and a redline comparison document showing the changes in the Amended Complaint as compared to the original Complaint is attached as Exhibit 2.

[2]  In addition to these amendments, ASI's Amended Complaint continues to assert the claim for misappropriation of trade secrets, but amends that count to assert a claim under Florida law rather than under Georgia law as originally alleged.  As explained in ASI's Motion for Summary Judgment and Supporting Memorandum, it is ASI's position that Florida law applies to all claims in this action other than the contract claims. Both Florida and Georgia have adopted the Uniform Trade Secrets Act; thus, the amendment does not change the proof or defenses to the claim.

to file the Amended Counterclaim would not require the parties to engage in additional discovery nor would it delay any other deadlines set in the Court's Case Management Order.

As explained below, the applicable Rules of Civil Procedure provide that leave to amend "shall be freely given" and, therefore, because ISEL will not be prejudiced by the proposed amendment and there is no compelling reason to deny ASI leave, ISEL respectfully requests that the Court grant its motion for leave to file its Amended Counterclaim.

## I.      FACTUAL BACKGROUND

As discovery progressed in this case, ASI confirmed that its worst fears were true. Following the death of Joe Green, ASI's founder and president, Plaintiff/Counterclaim Defendant ISEL – ASI's long-time distributor and friend – went behind ASI's back and, in a matter of weeks, took away all of ASI's business by cutting off its supply of synthetic oil and "converting" ASI's customers as its own by selling directly to ASI's customers without ASI's knowledge or consent.

The history between ASI and ISEL was amicable and profitable for many years. The parties began doing business together in the early 1990s.  In January 2000, the parties memorialized their relationship in writing by entering into the Manufacturing Services Agreement, pursuant to which ASI delivered formulas to ISEL and ISEL manufactured synthetic lubricants for ASI.  ISEL expressly agreed under the Manufacturing Agreement that the ASI Customer Information, among other types of information, was confidential and could not be used or disclosed for any purpose except to the extent necessary to perform under the Manufacturing Agreement.

Over an eight-year period spanning from January 31, 2000 to September 2008, ISEL and ASI operated under the terms of the Manufacturing Agreement as follows:  ISEL blended and manufactured a product line of lubricants representing the ASI Products under the

name of American Synthol and/or the trade name "Amerilube."  The ASI Products were labeled

by ISEL either under the name "American Synthol" and/or ASI's trade name "Amerilube" or

with a "private label" specifically designed for the ASI customer with the consent of ASI.  ASI

marketed and sold the ASI Products to ASI's network of customers under the names of

"American Synthol" and/or "Amerilube," subject only to the private label practice.

   To market and sell the ASI Products, ASI developed a network of distributors and

representatives (the "ASI Sales Representatives").  All sales of this product line were handled by

ASI or the ASI Representatives, including invoicing and collections.  At ASI's direction, ISEL

would either ship the ASI Products to ASI for further delivery to the customer or drop ship the

ASI Products to the customer using the ASI Customer Information.  All customer payments for

the purchase of ASI Products were made directly to ASI.  In turn, ASI would pay ISEL the cost

of the ASI Products plus certain fees under the Manufacturing Agreement for the product

manufactured and blended by ISEL.  ISEL did not assert at any time prior to this lawsuit that it

had the right to manufacture and sell the ASI Products directly to customers and users outside of

or free from the Manufacturing Agreement.

   Following the death of ASI's founder Joe Green, ISEL approached ASI and

expressed an interest in purchasing ASI.  ISEL never seriously followed through on its inquiry.

Rather than purchase ASI, ISEL began to sell ASI's Products directly to ASI's customers and, in

fact, had apparently been selling directly to at least one ASI customer as early as July 2008.

   In September 2008, ISEL informed ASI that it was directly soliciting and

attempting to "convert" ASI's Customer Information and that it was severing its business

relationship with ASI.  Perhaps as early as May 2008, and prior to ISEL's notice to ASI of its

intent to convert the ASI Customer Information, ISEL embarked on a course of conduct in

breach of the Manufacturing Agreement to compete with ASI by using, without ASI's consent, the confidential ASI Customer Information to sell the ASI Product Line directly to ASI's customers.

In what appears to be an effort to hide its plan to steal ASI's customers, ISEL's founder incorporated a new company, VR Heavy, in January 2008.  After encouraging ASI to raise its prices, ISEL created and distributed a brochure entitled "Why Switch?" that extolled the benefits of buying directly from ISEL while receiving the same products.  The brochure noted that VR Heavy would handle all payment processing, while the product would continue to come from ISEL.  This new company, however, has no employees, no offices, no equipment, and no warehouses to store product.  While VR Heavy's main role appears to be sending out invoices and collecting payments, all of this processing is done at ISEL by ISEL employees.  For these reasons, it is hard to determine where ISEL ends and VR Heavy begins.

Until discovery in this case, ASI did not know any details about VR Heavy nor did it know that ISEL was processing most of its orders for direct sales to ASI customers through VR Heavy.  At the July 2, 2009 deposition of Jim Sandler, VR Heavy's corporate designee, ASI learned that:

- ISEL told ASI's customer to buy their product from ISEL, but to send payments to VR Heavy.

- VR Heavy has no employees, no offices, no equipment, and no warehouses to store product.

- VR Heavy has a fax line, which is located in ISEL's manufacturing plant. ISEL pays for this fax line.

- Because VR Heavy has no employees, ISEL provides services to VR Heavy, including manufacturing all of the products "sold" by VR Heavy and shipping those products to customers.

#11268334 v6

- ISEL prepares and processes VR Heavy's invoices and ISEL employees handle all payments to VR Heavy from ISEL's office in Jacksonville, Florida.

- Commission checks for ISEL's sales representatives – most of whom are former ASI sales representatives – are issued by VR Heavy.

Also, ASI has learned (through analysis of ISEL's financial information, which ISEL just produced in mid-June 2009 pursuant to the Court's Order Granting ASI's Motion to Compel) that approximately 94% of ASI's former customers now purchase the same product they purchased from ASI through ISEL, using VR Heavy as the vehicle to make their purchases. In addition, on July 27, 2009, at the deposition of Mike Gandy, a former ASI Customer who now does business with ISEL and VR Heavy, Mr. Gandy stated his understanding that VR Heavy was formed so he could purchase ISEL products.

In addition to discovering facts to support adding VR Heavy as a defendant on claims previously brought against ISEL, ASI also learned, through the course of discovery, that it has grounds to bring an additional claim against ISEL (and VR Heavy) for civil theft, as well as a new claim against VR Heavy for unjust enrichment.

## II.     PROCEDURAL BACKGROUND

On September 8, 2008, ISEL preemptively filed a complaint against ASI for ASI's failure to pay money allegedly due to ISEL under the Manufacturing Agreement.  On November 25, 2008, ASI filed its Answer, Counterclaims, and Motion for Preliminary Injunction against ISEL.  On December 19, 2009, the Court entered a Case Management Order.  Discovery technically closed on July 2, 2009, but the parties by agreement have been finishing depositions this month.  In addition to bringing this Motion for Leave to Amend, ASI is filing a Motion for Summary Judgment today on its claims for tortious interference with business relations and breach of contract.  ASI's proposed Amended Complaint does not impact those claims in any

way (other than to add VR Heavy as a defendant to the tortious interference claim).  The

allegations supporting both claims on which ASI seeks summary judgment remains the same.

Thus, the simultaneous filings of these motions should not impede the Court's ability to grant

either motion.

## III.     ARGUMENT

### A.     Applicable Standard – Leave to Amend a Counterclaim

Federal Rule of Civil Procedure 15(a) states, in pertinent part, that leave to amend

"shall be freely given when justice so requires." [3]   Courts follow a liberal policy favoring

amendments to pleadings.  Burger King Corp. v. Weaver, 169 F.3d 1310, 1318 (11th Cir. 1999).

The United States Supreme Court provided the following guidance on the standards for

amendments:

> In the absence of any apparent or declared reason – such as
> undue delay, bad faith or dilatory motive on the part of the
> movant, repeated failure to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing party by
> virtue of the amendment, futility of amendment, etc. – the leave
> should, as the rules require, 'be freely given.'  Of course, the
> grant or denial of an opportunity to amend is within the
> discretion of the District Court.

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Laurie v. Alabama Court of Criminal

Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001) ("The decision whether to grant leave to amend a

complaint is within the sole discretion of the district court.").

Thus, leave to amend must be "freely given when justice so requires."  See Nat'l.

Indep. Theatre Exhibitors, Inc. v. Charter Fin. Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984);

Senger Bros. Nursery, Inc. v. E.I. Dupont De Nemours & Co., 184 F.R.D. 674, 678 (M.D. Fla.

---

[3] The standard under Fed. R. Civ. P. 13(e), relating to amendments to counterclaims, is the same as that under Fed. R. Civ. P. 15(a).  E.g. Allstate Texas Lloyd v. Lance, No. M-08-76, 2009 WL 499699, at *8 (S.D. Tex. Feb. 23, 2009).

1999).  A court denying leave to amend must provide "substantial justification" for the denial.

Laurie, 256 F.3d at 1274.  "Substantial reasons justifying a denial include 'undue delay, bad

faith, dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue

of allowance of the amendment and futility of allowance of the amendment." Id.   As discussed

below, none of these factors is present here.

### B.    Applicable Standard – Leave to Add a Party

ASI also seeks leave to add VR Heavy as an additional party.  Under these

circumstances, the Federal Rules favor the liberal granting of leave to add an additional party.

Rules 13(h) and 20 permit a party to amend a counterclaim to add party.  See Fed. R. Civ. P.

13(h), 20.  Further, Rule 21 of the Federal Rules of Civil Procedure provides that parties may be

dropped or added by order of the court on motion of any party or of its own initiative at any stage

of the action and on such terms as are just.  Bovard. v. Young, 265 F.2d 823 (D.C. Cir. 1959).

The rule is interpreted liberally in order to settle all claims in one action and avoid

a multiplicity of lawsuits.  2001, Inc. v. Novaglas Corp., 60 F.R.D. 649, 650 (E.D.N.Y. 1973).

Granting leave to amend enables a party "to assert matters that were overlooked or were

unknown . . . at the time . . . of the original complaint or answer." Smiga v. Dean Witter

Reynolds, Inc., 766 F.2d 698, 703 (2d Cir. 1985); see also United States v. Hansel, 999 F.Supp.

694, 697 (N.D.N.Y. 1998) (addition of parties under Rule 21 governed by same liberal standard

as motion to amend under Rule 15(a)).

### C.    The Factors Weigh in Favor of Allowing ASI to File an Amended Counterclaim

All of the factors here weigh in favor of granting ASI's Motion for Leave to

Amend its Counterclaims for the following reasons:

-7-

#11268334 v6

      <u>Undue Delay and Undue Prejudice</u>.  The Case Management Order does not set a specific date for the filing of amended pleadings but refers to Local Rule 3.05(c)(2)(E), which states that Motions to Amend are disfavored following entry of the case management order. However, that same Local Rule states that it is the goal of the Court to conduct a trial within 2 years after the filing of a Complaint, with most cases to be tried within 1 year of filing the complaint.

      Here, the Case Management Order was entered well before the parties commenced any discovery.  In fact, depositions in this case did not begin until June 2009, with many of the most important depositions – including the deposition of Jim Sandler, ISEL and VR Heavy's corporation designee – taking place just a few weeks ago.  The trial in this case is scheduled for December 2009, only 15 months after the case was filed and well before the two year goal set forth in the Local Rule.  Because ASI's proposed Amended Counterclaim merely conforms the allegations to the Counterclaims and asserts additional claims based on facts already discovered, additional discovery will not be necessary and the trial date, as well as all other dates in the Case Management Order, should remain undisturbed.

      Moreover, as to the addition of VR Heavy as a defendant, neither ISEL nor VR Heavy will be prejudiced by the amendment because ISEL and VR Heavy are essentially one and the same.  ASI already deposed Jim Sandler, a primary fact witness and both VR Heavy's and ISEL's corporate representative.  And ISEL produced VR Heavy documents in response to document requests directed to ISEL; thus, ASI does will not need additional discovery from either entity and VR Heavy should need no discovery from ASI (because it would be the same discovery already taken by ISEL).  Furthermore, because the new claims (and the claims against VR Heavy) arise out of the identical conduct, transactions, occurrences, facts, and evidence

-8-

already at issue in this case, allowing ASI's proposed amendment will not cause any prejudice to ISEL or VR Heavy.  See Hip Hop Beverage Corp. v. RIC Representacoes Importacao e Comercio Ltd., 220 F.R.D. 614, 622 (C.D. Cal. 2003) (finding no prejudice when "the issues contained in [the] proposed claims are substantially related to the issues contained in the Plaintiff's Complaint.")

ASI, on the other hand, would be significantly prejudiced by denial of leave to amend.  First and foremost, ASI would be forced to bring a separate lawsuit against VR Heavy or, in the alternative, would have to move to enforce any judgment against ISEL against VR Heavy – thereby causing duplication of effort and additional and unnecessary motion practice. Second, given the interwoven business and financial relationship between VR Heavy and ISEL, both entities should be responsible in this case for a judgment against the other.  In other words, ASI would be greatly prejudiced if ISEL were permitted to hide the funds of its unlawful conduct in VR Heavy with no liability to ASI and, as alleged in the Amended Counterclaim, VR Heavy would be unjustly enriched if permitted to keep those funds.   Third, ASI further would be prejudiced if its Motion is not granted because it would not get to pursue its statutory claim for attorneys' fees and additional damages available to it pursuant to the statutory claim it seeks to add.  Thus, neither undue delay nor prejudice is present here.

Bad Faith.  ASI is not bringing this Motion in bad faith.  To the contrary, ASI seeks to add claims for civil theft and unjust enrichment (against VR Heavy) to fully vindicate itself from ISEL's and VR Heavy's unlawful conduct and to avail itself of all remedies available to it.  Only through the course of discovery did ASI come to realize the full extent of ISEL's (and, by extension, VR Heavy's) conduct, giving rise to the civil theft claim and the role VR Heavy has played in the facts giving rise to this case.  Moreover, ASI has never moved this Court

#11268334 v6

for an amendment before and this by no means is a case of repeated failure to cure deficiencies by amendments previously allowed.

      <u>Futility of the Amendment.</u>  Finally, ASI's proposed amendments are not futile – they are grounded in both law and fact.  As explained throughout this Motion, the facts ASI has uncovered in discovery provide ample grounds for it to purse its claims against VR Heavy.

      Likewise, neither ASI's additional claims for civil theft (against ISEL and VR Heavy) nor its claim for unjust enrichment against VR Heavy are futile.  As the Court held in <u>Foman</u>, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits."  371 U.S. at 182.  ASI should be permitted to proceed with its additional claims and additional defendants.

      To establish a claim for civil theft, a plaintiff must allege that the defendant "knowingly obtained or used, or endeavored to obtain or to use, the property of another with intent to, either temporarily or permanently (a) deprive the other person of a right to the property or a benefit from the property; or (b) appropriate the property to his or her own use or to the use of any person not entitled to the use of the property."  Fla. Stat. § 812.014(1).  Here, ISEL (and VR Heavy) knowingly used ASI's Confidential Information to deprive ASI of its customers and formulas – and, as a result, deprived ASI of the sales from its customers.  ISEL is not entitled to ASI's Confidential Information, its customers, or the sales of ASI's products.  Thus, ASI's claim is not futile and should be permitted.  <u>See</u> <u>Hip Hop Beverage</u>, 220 F.R.D. at 622 ("An amendment is 'futile' only if it would clearly be subject to dismissal.")

      Likewise, ASI's claim for unjust enrichment against VR Heavy (as well as the other claims against VR Heavy to which ISEL also is a party) is not frivolous and should be

permitted.  The three elements to state a claim for unjust enrichment are as follows: (1) the plaintiff conferred a benefit on the defendant of which the defendant is aware; (2) the defendant voluntarily accepted and retained the benefit; and (3) that circumstances would make it inequitable for the defendant to retain the benefit.  Nova Info. Sys., Inc. v. Greenwich Ins. Co., 365 F.3d 996, 1006-07 (11th Cir. 2004).  ASI learned in discovery that ISEL is attempting to avoid its contractual obligations to ASI by creating VR Heavy.  As alleged in ASI's Amended Counterclaims, VR Heavy knowingly has accepted a benefit, in the form of sales, from former ASI customers and through the ASI sales representatives whom ISEL improperly induced to abandon their relationship with ASI.  VR Heavy receives all the money that ASI's former customers pay to ISEL for the products they purchase from ISEL.  Through the improper actions of ISEL and VR Heavy, VR Heavy has obtained the use and benefit of customer payments and sales representatives' revenue that belong to ASI.  Given the nature of this claim and the facts learned in discovery, there is no viable argument that assertion of such a claim would be futile.

IV.    CONCLUSION

For the reasons set forth above, ASI seeks to amend its Counterclaim accordingly. Based on the gravity of the newly discovered information and the strong foundation for each of the newly added claims and the claims against VR Heavy, and because ASI's motion is timely and will not prejudice ISEL, ASI respectfully requests that this Court grant it leave to file its Amended Counterclaim pursuant to Rules 13 and 15 of the Federal Rules of Civil Procedure.

## Request for Oral Argument

ASI respectfully requests that the Court schedule Oral Argument on this Motion.

ASI anticipates that thirty minutes will be required for the Oral Argument on the Motion.

## CERTIFICATE OF GOOD FAITH

In accordance with Local Rule 3.01(G) M.D Fla., undersigned counsel has made a good faith effort to resolve the issues presented by this motion, and has fully conferred and discussed with counsel for ISEL about the issues raised in this motion, and the parties have been unable to agree to the above requested relief and hereby submit this request for relief.

Dated: August 7, 2009

Respectfully submitted,

/s/ Elizabeth S. Campbell
James S. Haliczer, Esq.
Richard B. Schwamm, Esq.
Haliczer Pettis & Schwamm, P.A.
225 East Robinson Street, Suite 475
Orlando, FL 32801
Telephone:  407.841.9866
Facsimile:  407.841.9915

Of Counsel:

Charles S. Marion, Esq.
Elizabeth S. Campbell, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Telephone:  215.981.4000
Facsimile :  215.981.4750

-12-

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**JACKSONVILLE DIVISION**

I.S.E.L., INC.,

            Plaintiff,

vs.

AMERICAN SYNTHOL, INC.,           **CASE NO.: 3:08-CV-00870-HLA-TEM**

            Defendant.

_____/

**<u>ORDER</u>**

          AND NOW, this _____ day of _____, 2009, upon

consideration of Defendant/Counterclaim Plaintiff American Synthol Inc.'s ("ASI") Motion for

Leave to file its Amended Counterclaims and to add a Counterclaim Defendant, and the response

thereto, it is hereby ORDERED that said Motion is GRANTED.    ASI's Amended

Counterclaims shall be deemed filed as of the date of this Order.

                          BY THE COURT

                          _____

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that on this August 7, 2009, I electronically filed the foregoing

Amended Motion to Amend Counterclaims and Add Counterclaim Defendant with the Clerk of

the Court using CM/ECF.

      _/s/ Elizabeth S. Campbell
      Elizabeth S. Campbell


## <u>SERVICE LIST</u>

American Synthol, Inc.
adv.
I.S.E.L., Inc.

**Michael Linn Duncan, Esquire**
John T. Rogerson, III, Esquire
Volpe, Bajalia, Wickes, Rogerson & Wachs
Ever Bank Plaza, 7th Floor
501 Riverside Avenue
Jacksonville, FL  32202

#11268334 v6